UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Bryan Matthew Noonan,
    Petitioner,

No. 1:14-cv-830

-v-

HONORABLE PAUL L. MALONEY

Bonita Hoffner,
    Respondent.

# OPINION

Bryan Noonan, a Michigan prisoner, filed a petition under 28 U.S.C. § 2254 challenging his state court conviction on a variety of theories. The magistrate judge issued a report and recommendation (R & R) concluding that the petition should be denied. (ECF No. 31.) Noonan timely filed objections, and the court granted a subsequent motion to supplement his objections. (ECF Nos. 32, 33.)

Noonan sets forth five specific objections to the R & R, although they overlap somewhat: (1) The magistrate judge erred by concluding that Petitioner failed to meet his burden to show that the trial court relied on material misinformation of a Constitutional magnitude at sentencing; (2) the magistrate judge erred by concluding that the State did not violate Petitioner's plea agreement when it imposed mandatory lifetime monitoring; (3) the magistrate judge erred by concluding that Petitioner's plea was valid; (4) the magistrate judge erred by concluding that the State's failure to inform him of lifetime monitoring at the plea hearing only violated state law and did not give rise to a Constitutional violation that could be remedied in a federal habeas petition; and (5) the magistrate judge erroneously concluded that the trial court's failure to hold a hearing before issuing an amended sentence was not

cognizable in a federal habeas petition. For the reasons to follow, the Court will adopt the R & R as the opinion of the Court and overrule Petitioner's objections.

## Statement of Facts

Petitioner Bryan Matthew Noonan is a state prisoner in the custody of the Michigan Department of Corrections. In 2009, he pleaded guilty in Berrien County Circuit Court to first-degree criminal sexual conduct (CSC), Mich. Comp. Laws § 750.520b(1)(b). In exchange for his plea, the state allegedly agreed to drop four other charges and to recommend a minimum sentence of no more than 17 years. (*See* ECF No. 2.) The circuit court subsequently sentenced him to 17 to 45 years of imprisonment and lifetime electronic monitoring.

Petitioner states that he appealed his conviction and sentence to the Michigan Court of Appeals, raising the following claims: (1) the prosecution violated the terms of the sentencing agreement; (2) the court mis-scored offense variables 11 and 13; (3) the court's departure from the sentencing guidelines was not supported by substantial or compelling reasons and was not proportionate to the offense; and (4) Petitioner's counsel was ineffective for allowing a sentence with improper scoring. (*See id.*)

The Michigan Court of Appeals initially rejected the appeal, but on reconsideration, it remanded the case for re-sentencing with regard to offense variables 11 and 13. Petitioner appealed the decision of the court of appeals while his motion for reconsideration was still pending. The Michigan Supreme Court denied leave to appeal on September 9, 2010. The circuit court held another sentencing hearing, and on November 1, 2010, it issued a new sentence with the same prison term. The new sentence did not include lifetime electronic

monitoring, but three months later, the court amended the sentence to include that requirement.

Petitioner appealed the new sentence, again claiming that the state court's reasons for departing from the sentencing guidelines were not valid. He also claimed that lifetime electronic monitoring is cruel and unusual punishment. On August 23, 2011, the Michigan Court of Appeals denied the appeal for lack of merit in the grounds presented. In a motion for reconsideration, Petitioner asserted that the circuit court erroneously scored offense variables 11 and 13 and that the sentence was invalid because the prosecution violated the terms of the plea agreement. The motion was denied on October 19, 2011.

Petitioner subsequently appealed to the Michigan Supreme Court, which denied leave to appeal on April 4, 2012, because it was not persuaded that the questions presented should be reviewed. Petitioner sought reconsideration of that decision and the court denied reconsideration on June 25, 2012.

On January 11, 2013, Petitioner filed a motion for relief from judgment pursuant to subchapter 6.500 of the Michigan Court Rules, in which he argued that his guilty plea was invalid because the trial court failed to inform him that he would be subject to lifetime electronic monitoring. The circuit court denied the motion on April 16, 2013, because he could not establish cause and prejudice for failing to raise the issue in his direct appeal. Petitioner appealed that decision to the Michigan Court of Appeals and the Michigan Supreme Court, which denied leave to appeal on October 29, 2013 and May 27, 2014, respectively, for failure to meet the burden of establishing entitlement to relief.

Petitioner then filed his habeas petition on August 5, 2014. The Court initially dismissed the petition after undertaking the review required by Rule 4. (ECF Nos. 8, 10.) However, Petitioner filed a timely motion for reconsideration and the Court vacated its opinion and judgment. (ECF Nos. 14, 17). The Court ordered the Respondent to answer the petition and referred the matter to the magistrate judge for an R & R.

The Petition largely focused on the trial court's sentence and complications created by the lifetime electronic monitoring component of the sentence. The magistrate judge recommended denying the Petition in its entirety. Petitioner now raises five specific objections to the R & R. However, for the reasons to follow, the Court will overrule Petitioner's objections and adopt the R &R as the opinion of the Court.

## Legal Framework

With respect to a dispositive motion, a magistrate judge issues a report and recommendation, rather than an order. After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). Failure to file an objection results

in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Thomas v. Arn*, 474 U.S. 140, 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

## Analysis

The Court first takes up Petitioner's contention that material misinformation of a Constitutional magnitude led to an invalid sentence. To prevail on such a claim, a petitioner must show: (1) that the information before the sentencing court was materially false, and (2) that the court relied on the false information in imposing the sentence. *United States v. Tucker*, 404 U.S. 443, 447 (1972).

Petitioner challenges allegations that he sexually abused his stepdaughters as materially false, because it is evident from the record that the trial judge relied on the allegations for the upward departure from the sentencing guidelines. (ECF No.32 at PageID.1128–32.) Petitioner specifically claims that he was not afforded an opportunity to develop a factual record at the sentencing hearing and was "blind-sided" by the new allegations. However, as the magistrate noted, the trial court also heard testimony from the presentence investigator who testified to a conversation that he had with the Petitioner. In that conversation, Petitioner denied that the sexual abuse of his stepdaughter was occurring on a daily basis, as she had claimed, but he admitted that the sexual abuse began when she was 7 or 8 years old. He instead contended that it did not happen every day and that

"sometimes it would be a couple days, a couple weeks, and sometimes even a couple months in between episodes." (ECF No. 25-6 at PageID.290.)

This admission alone was sufficient to show that the trial court did not rely on material misinformation because even taking Petitioner's longest claimed interval between episodes, there were still numerous contacts before the victim turned 16. Moreover, while the trial court departed upward, it was well within the range authorized by the statute. Accordingly, the Court agrees with the Magistrate Judge that Petitioner has not shown that the sentence was made in reliance on material misinformation by clear and convincing evidence—the burden required to overcome the presumption that the trial court was correct.

Petitioner's second argument—that the State breached his plea agreement—is also meritless. To prevail on his claim, he must show that his plea "rest[ed] in . . . significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration" such that it "must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262 (1971). The terms of the plea agreement are as follows:

> In exchange for defendant's plea as charged to Count 2, Counts 1, 3, 4, and 5 will be dismissed, also at the time of sentencing, People will recommend that the defendant not be sentenced to more than 17 years on the minimum. (ECF No. 2 at PageID.29.)

Petitioner claimed that the plea agreement was breached because: (1) The prosecutor recommended that Petitioner be sentenced to a *specific* minimum sentence of 17 years, rather than using the "not more than 17 years" language of the plea agreement; and (2) electronic monitoring was not a term negotiated in the plea agreement. The magistrate judge rejected both contentions, finding that the trial court reasonably could have concluded that the prosecutor's recommendation was consistent with the plea agreement and that the plea

agreement was only for a recommendation as to a term of years, so that there was no evidence that the trial court was required to issue a particular sentence with or without electronic monitoring. Now in his objections, Petition only renews the claim that including lifetime electronic monitoring in his sentence was a violation of the plea agreement. This argument does not withstand scrutiny. The State kept its only promise that was intended to induce Petitioner to plead guilty—it recommended a sentence of not more than 17 years on the minimum. Accordingly, the plea agreement was not breached, and Petitioner's objection is without merit.

Petitioner's last three objections also deal with the electronic monitoring portion of his sentence. He first claims that his plea was unknowing because he was unaware that mandatory, lifetime electronic monitoring accompanied a conviction for first-degree criminal sexual conduct. Second, he claims that the trial court's failure to inform him of this fact specifically at the plea hearing was a violation of state law that is so bound up in a federal constitutional protection that it is cognizable for purposes of federal habeas review. Finally, he claims that his due process rights were violated when the trial judge issued an amended sentence without a motion from the government and without a hearing.

First, Petitioner's claim that the plea was unknowing fails because he was informed of lifetime electronic monitoring at his arraignment, despite his contentions to the contrary. If he was informed of the consequences of conviction at the arraignment, the failure to inform him a second time at the plea hearing would not render the plea invalid. *See Marshall v. Lonberger*, 459 U.S. 422, 436–38 (1983) (holding that disclosures made during earlier court proceedings should be considered when determining whether a guilty plea was made

7

voluntarily, knowingly, and intelligently). Petitioner must also overcome the presumption that counsel routinely explain the nature of charges or the consequences of conviction necessary to render a plea voluntary and knowing. *Henderson v. Morgan*, 426 U.S. 637, 647 (1976).

The transcript from the arraignment reads as follows:

Count 2 alleges that you did engage in sexual penetration, penis to vagina, with the same alleged victim being at least 13, but less than 16 years of age, to wit, 15 years old, and that the defendant and victim were members of the same household. This is Count 2, also a felony, ma--ma—maximum penalty, life in a Michigan State prison, mandatory AIDS/STD testing, same language; if committed by an andivi--individual 17 years or older-- older against an individual less than 13-years of age, punishable by imprisonment for life or any term of years, but not less than 25 years, **must also sentence to lifetime electronic monitoring, mandatory collection of a DNA sample, fines, costs, probation.**

(ECF No. 25-2 at PageID.210 (emphasis added).) Petitioner reads the lifetime electronic monitoring provision as modifying only the clause relevant to victims less than 13 years of age.[1] Therefore, in his view, because he was convicted of crimes against his 15 year-old stepdaughter, mandatory electronic monitoring does not apply. Petitioner's reading is strained to say the least. Taken to its logical conclusion, Petitioner must have also believed that he would not be required to participate in "mandatory collection of a DNA sample, fines, costs, [or] probation" because they are all grouped into the same clause. It's obvious to the Court that the trial court was reading the statutorily mandated punishments for criminal sexual conduct in the first-degree. The statute says:

> (2) Criminal sexual conduct in the first degree is a felony punishable as follows:
>
> (a) Except as provided in subdivisions (b) and (c), by imprisonment for life or for any term of years.

---

[1] This is not a novel claim. It has been raised and rejected numerous times in the Michigan state courts. *E.g. People v. Brantley*, 823 N.W.2d 290 (Mich. App. 2012); *People v. Johnson*, 826 N.W.2d 170 (Mich. App. 2012)

8

> (b) For a violation that is committed by an individual 17 years of age or older against an individual less than 13 years of age by imprisonment for life or any term of years, but not less than 25 years.
>
> (c) For a violation that is committed by an individual 17 years of age or older against an individual less than 13 years of age, by imprisonment for life without the possibility of parole if the person was previously convicted of a violation of this section or section 520c, 520d, 520e, or 520g committed against an individual less than 13 years of age or a violation of law of the United States, another state or political subdivision substantially corresponding to a violation of this section or section 520c, 520d, 520e, or 520g1 committed against an individual less than 13 years of age.
>
> (d) In addition to any other penalty imposed under subdivision (a) or (b), the court shall sentence the defendant to lifetime electronic monitoring under section 520.

M.C.L. § 750.520b (2008). Therefore, the Court concludes that the Petitioner has not overcome the presumption that his trial counsel informed him of the routine and mandatory consequences of his guilty plea because it was plainly required by the statute. Further, the trial court adequately explained to Petitioner at his arraignment that lifetime electronic monitoring was a mandatory consequence for conviction on a charge of criminal sexual conduct in the first degree. Accordingly, Petitioner's plea did not violate the Sixth Amendment.

However, Petitioner's next challenge—that the sentencing court failed to include lifetime sentencing at the plea hearing—presents a thornier issue. It is undisputed that the state court erred when it did not inform Petitioner at his plea hearing that mandatory lifetime electronic monitoring is a direct consequence of a guilty plea. *People v. Cole*, 817 N.W.2d 497, 503 (Mich. 2012) (holding that Michigan Court Rule 6.302 required the trial court to inform defendant that he would be

9

subjected to mandatory electronic monitoring). The magistrate judge concluded that this violation of state law could not provide a basis for federal habeas relief under *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991), and *Bradshaw v. Richey*, 546 U.S. 74, 76 (1983). Petitioner objects that "some aspects of state sentencing procedure, created by state law, are so fundamental that the state must adhere to them in order to impose a valid sentence." (ECF No. 32 at PageID.1139 (quoting *Chambers v. Bowersox*, 157 F.3d 560, 565 (8th Cir. 1998)).) Therefore, he claims his Due Process rights were violated when the trial court did not apply Michigan Court Rule 6.302 and his sentence is thus invalid.

The Court cannot agree. The caselaw provided by Petitioner confirms that no Due Process violation occurred. First, *Chambers* itself provides no support to Petitioner because there, the Eighth Circuit concluded that when a government agent's testimony was received in violation of a state statute, it "was not so central" to a Constitutional violation to merit federal habeas relief. *Chambers*, 157 F.3d at 565. The *Chambers* court reached its result by contrasting the trial mistake—erroneously accepting testimony into evidence—to the situations in which it and the Supreme Court had concluded that state procedural violations were cognizable in habeas review. It found the exception to the rule to be a narrow one. In *Rust v. Hopkins*, the Eighth Circuit held the Due Process Clause was violated when a Nebraska man was sentenced to death by a three-judge panel without that panel finding aggravating circumstances beyond a reasonable doubt. 984 F.2d 1486, 1492–95 (8th Cir. 1993). Similarly, the United States Supreme Court found that the Due Process Clause was

violated when an Oklahoma court instructed a jury that it must sentence a defendant to 40 years imprisonment when the statutory scheme authorized the jury to sentence the defendant to any term between 10 and 40 years. *Hicks v. Oklahoma*, 447 U.S. 343, 346–47 (1980).

Here, the Court believes the Petitioner's situation to be more like *Chambers*, rather than *Rust or Hicks*. True, a state procedural rule was violated. Petitioner should have been informed at his plea hearing that a guilty plea carried with it the mandatory consequence of lifetime electronic monitoring. However, because Petitioner had previously been informed that electronic monitoring was a mandatory consequence at his arraignment, the trial court's omission was not so essential to the proceedings that it undermined the constitutional validity of the sentence. Therefore, this violation of state procedural law is not cognizable.

Finally, Petitioner's argument that the trial court violated his Due Process rights by not holding a hearing before amending his sentence cannot provide relief for the same reasons. There is no question that the trial court could not issue an amended sentence on its own initiative and was mandated to hold a hearing before doing so—as the Michigan Supreme Court held in *People v. Comer*, 901 N.W.2d 553 (Mich. 2017). However, the trial court's violation of Michigan Court Rule 6.435 is another pure issue of state procedural law. As the Court noted above, state procedural violations are not ordinarily cognizable in federal habeas petitions. *Estelle*, 502 U.S. at 67-68; *Bradshaw*, 546 U.S. at 76. This procedural violation, too, is "not so central" or intertwined with a Constitutional right that it falls under the purview of *Hicks v.*

*Oklahoma*. The trial court had an absolute obligation to sentence Petitioner to lifetime electronic monitoring, whether a hearing was held prior to the amended sentence or not. While Petitioner *should* have been afforded an opportunity to be heard on the matter, anything he could have said or argued would ultimately have had no effect on the result. Further, even if it was cognizable, there is no Supreme Court authority establishing a right to formal resentencing to correct an invalid sentence. *See, e.g., Rodriguez-Arrango v. Winn*, No. 12-11973, 2016 WL 2643260 (E.D. Mich. May 5, 2016). Accordingly, this challenge too, must fail.

## ORDER

The Court **OVERRULES** Noonan's objections. (ECF No. 32.) The Report and Recommendation is **APPROVED AND ADOPTED** in full as the opinion of this Court. (ECF No. 31.)

## CERTIFICATE OF APPEALABILITY

A district court must issue a certificate of appealability either at the time the petition for writ of habeas corpus is denied or upon the filing of a notice of appeal. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) (per curiam). A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). *See Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003). To satisfy this standard, the petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Slack v. McDaniel*, 529 U.S. 473, 483 (2000)). Courts should

undertake an individualized determination of each claim presented by the petitioner when considering whether to issue a certificate of appealability. *Murphy v. Ohio*, 551 F.3d 485, 492 (6th Cir. 2009). Here, the Court concurs with the Magistrate Judge's recommendation that any appeal of this matter would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

Judgment will enter separately.

**IT IS SO ORDERED.**

**Date:** November 13, 2017  /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge